THE STATE OF OHIO, APPELLEE, *v.* FUGATE, APPELLANT.

[Cite as *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856.]

(No. 2006–2289—Submitted October 17, 2007—Decided March 6, 2008.)

**LANZINGER, J.**

{¶ 1} This case presents us with the question whether a defendant who is sentenced concurrently on multiple charges is entitled to have "jail-time credit"[1] applied toward all terms. We hold that defendants who are sentenced to concurrent prison terms are entitled to have jail-time credit applied toward all prison terms for charges on which they were held.

## Facts

{¶ 2} Appellant, Daniel J. Fugate, was indicted in case No. 05CR–4367 on one count of burglary, a second-degree felony, and one count of theft, a fifth-degree felony. A jury later found him guilty of theft as charged in the indictment and of the lesser included charge of burglary, a third-degree-felony.

{¶ 3} Fugate had previously been convicted in case No. 05CR–1414 for receiving stolen property and had been placed on community control. Following his indictment for burglary and theft, the probation department filed a motion to revoke his community control. The trial court held a hearing on the motion immediately before sentencing Fugate on the new charges. At the revocation hearing, Fugate admitted that his new convictions for burglary and theft violated the terms of his community control. The probation officer informed the court that Fugate had 216 days of jail-time credit, and the prosecutor suggested that the credit be applied only to the sentence for violation of community control. Defense counsel did not object, and the court imposed a prison term of 12 months

---

1. The term "jail-time credit" is used as shorthand for custody credit. A prisoner receives credit for any time spent in confinement, including "confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191.

for the community-control violation, noting a jail-time credit of 213 days.[2] The court also stated that the sentence was to run concurrently with the sentences to be imposed for the burglary and theft convictions in the new case.

{¶ 4} The court then imposed a concurrent two-year prison term for the burglary conviction. No jail-time credit was allowed, and defense counsel did not object.

{¶ 5} At a later resentencing, held because the court had failed to sentence Fugate on the theft conviction, the court imposed a six-month prison term to run concurrently with the two-year term for burglary.[3]

{¶ 6} Fugate appealed, arguing in part that he should have received jail-time credit of 213 days toward each of his concurrent prison sentences. The Tenth District Court of Appeals affirmed, holding that allocating jail-time credit against only the prison term for community-control violation did not constitute an equal protection violation, or amount to plain error. Fugate appealed, and we accepted the appeal to determine how to apply jail-time credit to concurrent prison terms.

## Analysis

{¶ 7} The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees. See *Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (a state cannot deny appellate review to defendants unable to afford a transcript); *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (a state may not imprison a defendant beyond the statutory maximum based solely on his inability to pay a fine); *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (a state may not impose a fine as a sentence and then automatically convert it to jail time based upon the defendant's inability to immediately pay the fine). Relying on the principle set forth in such cases, courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial. "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence." (Emphasis

---

2. Although there is discrepancy in the transcript regarding the number of days of jail-time credit, the court eventually granted 213 days, to which Fugate did not object either then or now.

3. The court recognized 50 days of jail-time credit toward the theft sentence, which reflected time that had elapsed between Fugate's initial sentencing and his resentencing.

sic.) *Workman v. Cardwell* (N.D.Ohio 1972), 338 F.Supp. 893, 901, vacated in part on other grounds (C.A.6, 1972), 471 F.2d 909. See also *White v. Gilligan* (S.D.Ohio 1972), 351 F.Supp. 1012.

{¶ 8} This principle is codified in Ohio at R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

{¶ 9} The Ohio Administrative Code provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term, taking the credit into account. Most relevant to the question before us is Ohio Adm.Code 5120-2-04(F), which states that "[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall *independently* reduce *each sentence or stated prison* term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." (Emphasis added.)

{¶ 10} The Administrative Code provides a different rule for calculating jail-time credit for offenders serving consecutive terms. In such cases, the code instructs that jail-time credit be applied only once, to the total term. See Ohio Adm.Code 5120-2-04(G).

{¶ 11} These two directives make clear that although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held.

{¶ 12} Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

{¶ 13} In the case before us today, Fugate was given concurrent prison terms on the burglary and theft convictions and on the community-control violation. The only complete record that we have before us is from the burglary and theft case, as that was the case appealed. At his sentencing hearing, the following

discussion between the court and the prosecutor took place regarding how jail-time credit should be allocated:

{¶ 14} "The Court: * * * Is there anything on behalf of the state of Ohio as far as this case is concerned?

{¶ 15} "[Prosecutor]: The burglary or his probation case?

{¶ 16} "The Court: The revocation case.

{¶ 17} "[Prosecutor]: Yes, sir. We would just suggest to the court, since he has *been held on both of those,* he get his jail-time credit on [the community-control violation] case and then start fresh with the [burglary case]." (Emphasis added.)

{¶ 18} As the sentencing hearing transcript indicates, Fugate was indeed held in custody on the burglary and theft charges and for violation of community control and is therefore entitled to jail-time credit against each concurrent prison term.

{¶ 19} In its brief, the state cites several cases that it claims stand for the proposition that when an offender is held on a community-control violation as well as on new charges, jail-time credit may be applied only toward the sentence imposed for the community-control violation. See *State v. Chafin,* 10th Dist. No. 06AP–1108, 2007-Ohio-1840, 2007 WL 1152981; *State v. Washington,* 1st Dist. Nos. C–050462 and B–0500722, 2006-Ohio-4790, 2006 WL 2640960; *State v. Brooks,* 9th Dist. No. 05CA008786, 2006-Ohio-1485, 2006 WL 786473; *State v. Maag,* 3d Dist. Nos. 5–03–32 and 5–03–33, 2005-Ohio-3761, 2005 WL 1712898; *State v. Mitchell,* 6th Dist. Nos. L–05–1122 and L–05–1123, 2005-Ohio-6138, 2005 WL 3078197. However, those cases are distinguishable from the present case on their facts and procedural histories, and even though jail-time credit may have been denied in some cases, it was not denied for the reasons asserted by the state.

{¶ 20} Some courts, in refusing to apply jail-time credit against all *concurrent* prison terms, have relied on the following statement from a Tenth District Court of Appeals decision in which *consecutive* terms were imposed: "We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the number of convictions entered against him." *State v. Callender* (Feb. 4, 1992), 10th Dist. No. 91AP–713, 1992 WL 21247. See, e.g., *State v. Eble,* 10th Dist. Nos. 04AP–334 and 04AP–335, 2004-Ohio-6721, ¶ 3 and 9-11. While *Callender* accurately reflects the proper approach to applying jail-time credit to consecutive prison terms, as we have indicated, different rules apply when the terms are concurrent. To the extent that courts have relied on *Callender* or similar cases in applying jail-time credit toward concurrent prison terms, such

reliance was misplaced. Courts that extended *Callender* in that way overlooked the distinction between sentences that impose consecutive terms and sentences that impose concurrent terms of imprisonment.

{¶ 21} Applying jail-time credit toward all concurrent prison terms imposed for charges on which an offender was held does not have the effect of "multiply[ing] his single period of pretrial confinement by the number of convictions entered against him." Id. Instead, applying the credit toward all concurrent terms simply ensures that the offender actually receives credit for that single period of confinement.

## Conclusion

{¶ 22} When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause. Therefore we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term.

{¶ 23} We therefore reverse the judgment of the court of appeals and remand this cause to the trial court for an adjustment in Daniel J. Fugate's sentence in accordance with this opinion.

Judgment reversed
and cause remanded.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, and Cupp, JJ., concur.

---

**Lundberg Stratton, J., concurring.**

{¶ 24} While I concur with the majority's decision to hold that defendants who are sentenced to concurrent prison terms are entitled to have jail-time credit applied toward all prison terms for charges on which they were held and convicted, I write separately to underscore the unconstitutionality of treating similarly situated defendants differently based solely on their economic status, which underlies our conclusion in this case.

{¶ 25} The Equal Protection Clause requires that persons be treated in a manner similar to others in like circumstances. In *Griffin v. Illinois* (1956), 351

U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891, Justice Black wrote that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Moreover, Judge Grey described the inequity in not giving jail-time credit in his dissent in *State v. Thorpe* (June 30, 2000), Franklin App. Nos. 99AP–1180 through 99AP–1187, 2000 WL 966702: "The rationale for [giving jail-time credit] is quite simple. A person with money will make bail while a person without money will not. If both persons are given identical sentences, the reality is that unless the person who did not make bail is given credit for his pretrial time, the poorer person will have served more time than the other. Unequal treatment based on personal wealth is anathema to the Constitution as a denial of equal protection."

{¶ 26} With consecutive jail sentences, the inequity does not occur because the terms of imprisonment are served one after another. Credit applied to one term of imprisonment gives full credit because the credit reduces the entire length of the sentence. However, with concurrent sentences, credit must be applied against all terms, because the sentences are served simultaneously. If the offender is sentenced to concurrent terms, applying credit to only one term would cancel out the credit for time that the offender had been held. For example, here the court applied 213 days of jail-time credit to the shorter term of concurrent imprisonment. This rendered the jail-time credit meaningless because it left the greater sentence undiminished. Under the court of appeals' holding, if two equally culpable codefendants are found guilty of multiple offenses and receive identical concurrent sentences, they would serve very different actual periods of incarceration if one had been able to post bond and the other had not.

{¶ 27} A poor criminal defendant should not spend more time in prison than his wealthier counterpart simply because he has less money. For the reasons stated above, I concur in the majority's decision to reverse the judgment of the court of appeals and remand the cause.

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Kimberly Bond, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Paul Skendelas, Assistant Public Defender, for appellant.

Charles B. Clovis, urging reversal on behalf of amicus curiae, Ohio Association of Criminal Defense Lawyers.