[Cite as *Schmick v. State*, 2012-Ohio-4945.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98766

# EUGENE SCHMICK

RELATOR

vs.

# STATE OF OHIO

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 458255
Order No. 459325

**RELEASE DATE:** October 23, 2012

**FOR RELATOR**

Eugene Schmick
Inmate No. 0083228
Cuyahoga County Jail
P.O. Box 5600
Cleveland, OH 44101


**ATTORNEYS FOR RESPONDENT**

Mike DeWine
Ohio Attorney General

Peter L. Jamison
Assistant Attorney General
Criminal Justice Section
150 E. Gay Street, 16th Floor
Columbus, OH 43215

COLLEEN CONWAY COONEY, J.:

{¶1} On August 8, 2012, the petitioner, Eugene Schmick, commenced this mandamus action against the respondent, the state of Ohio, to compel the State through the Ohio Department of Rehabilitation and Correction to give him proper jail-time credit pursuant to *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. On September 5, 2012, the State filed a motion to dismiss. Schmick never filed a reply. For the following reasons, this court grants the motion to dismiss.

{¶2} First, the petition is defective because it is improperly captioned. Schmick styled this petition as "*Eugene Schmick v. State of Ohio*." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.,* 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent and the corresponding duty to be enforced. This court has held that this deficiency also warrants dismissal. *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist No. 96013, 2011-Ohio-1813. The court further notes that Schmick did not include the addresses of the parties in the caption as required by Civ.R. 10(A).

{¶3} Schmick also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the petitioner. *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; *Hazel v. Knab*, 120 Ohio St.2d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶4} Additionally, he failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; and *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

{¶5} Finally, Schmick's claim for mandamus relief is not well founded. In the underlying case, *State v. Schmick*, Cuyahoga C.P. No. CR-532200, Schmick pleaded guilty to 17 counts of pandering sexually oriented matter involving a minor, 13 counts of minor in nude material or performance, 14 more counts of pandering sexually oriented matter involving a minor, and one count of possessing criminal tools. The judge sentenced him to eight years on each of the first 17 counts of pandering and on each of the 13 counts of minor in nude material; all of these counts are to be served concurrently. The judge then sentenced Schmick to eight years on the 14 other counts of pandering, concurrent to each other, but consecutive to the other counts of pandering and minor in nude material. The

judge imposed a six-month sentence for possessing criminal tools concurrent with all the other sentences. Subsequently, the judge granted him 214 days of jail-time credit.

{¶6} Schmick argues that pursuant to *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440*,* he is entitled to have all of the jail-time credit applied to each of his sentences. However, *Fugate* holds as follows: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id*. at syllabus. However, the presence of consecutive terms renders *Fugate* distinguishable and inapplicable. Thus, Schmick has not cited controlling authority to establish the clear, legal duty to have the state of Ohio apply his jail-time credit to each of his sentences.

{¶7} Accordingly, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Petitioner to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

Complaint dismissed.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR