[Cite as *State v. John*, 2013-Ohio-871.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3097** |
| EZRA N. JOHN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 10C000143.

Judgment: Affirmed.

*David P. Joyce*, Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Kenneth J. Lewis*, 1220 West 6th Street, #502, Cleveland, OH 44113 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Ezra N. John, appeals the Order of the Geauga County Court of Common Pleas, sentencing him to serve seventeen months in a state penal institution for violating community control sanctions. The issue before this court is whether a trial court abuses its discretion by imposing the near-maximum prison sentence for violating community control sanctions where the violation did not result in harm to another person and the offender demonstrates genuine remorse. For the following reasons, we affirm the decision of the court below.

{¶2} On August 16, 2010, the Geauga County Grand Jury indicted John on a single count of Failure to Comply with the Order or Signal of a Police Officer, a felony of the third degree in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), for "operat[ing] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to stop," and by operating the vehicle in such a way that he "caused a substantial risk of serious physical harm to persons or property."

{¶3} On April 14, 2011, John entered a plea of guilty to Attempted Failure to Comply with the Order or Signal of a Police Officer, a felony of the fourth degree in violation of R.C. 2923.02(A), and a lesser included offense of the offense charged in the Indictment.

{¶4} On June 1, 2011, the trial court sentenced John to four years of community control sanctions and imposed a fine of one thousand dollars plus court costs. The court duly notified and advised John, "as required by [former] R.C. 2929.19(B)(5)," that he was subject to "a potential specific prison term of eighteen (18) months for violation of a community control sanction."

{¶5} On April 23, 2012, John's probation/parole officer filed a Petition for Violation of Community Control, stating that John had violated the conditions of his community control sanctions, "in that, on 2-22-12 the defendant was arrested by the Euclid Police Department for Having Weapons While Under Disability, Tampering with Evidence, Aggravated Menacing (CR559956)," and "on 3-23-12 the defendant pled guilty to Attempted Having Weapons While Under Disability (F-4)."

{¶6} On July 25, 2012, a hearing was held on the Petition for Violation. John admitted to the violations of community control sanctions as contained in the Petition.

{¶7} Counsel for John asked the trial court to continue community control sanctions:

{¶8} The basis for that is that but for this offense he was reporting to his probation officer. He was complying with all the terms and obligations. It's not like Mr. John was out there doing drugs or testing dirty or avoiding the probation officer in any fashion. This unfortunate incident took place and he took responsibility for it. Pled guilty and served, like I said, over a hundred days in the Cuyahoga County jail as part of that offense. The Cuyahoga County Judge saw fit to end his jail term at that time having basically stated that he had done his time with regards to that crime.[1] And we respectfully request this Court to follow the same.

{¶9} I have no doubt that Mr. John will continue and he has every incentive and reason to comply with th[is] court's orders and to remain on community control sanctions. He has three children, two that he lives with and one that he has to support as well. And they need a father. And they need a father who can earn some money to go ahead and help out both of those two household situations. He was employed while he was out of prison and I believe he was working two jobs. And he would like to return to that lifestyle in order to support his family and continue to be a proper citizen.

{¶10} John addressed the trial court as follows:

---

1. As acknowledged by defense counsel, John completed his sentence in the Cuyahoga County case prior to the imposition of the prison term for violating community control sanctions in the present case. Since concurrent sentences were not imposed, John was not entitled to jail-time credit for the time served in Cuyahoga County. *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.

3

{¶11} Your honor, I'd like to say I know what I did wasn't the right thing to do. I was scared for my family. While I was on the street I worked two jobs to take care of them. I was enrolled in Allstate Barber College. My kids -- my kids' mother, the one that I was living with, she's bouncing from house to house with really no place to stay with my kids because she doesn't make enough money to support them and get a house, so she's bouncing from house to house with my kids. They need me to be out there and work for them.

{¶12} I know if you gave me another chance I wouldn't mess up again because I got too much at stake. Just sorry for what I did. That's all I have to say, your Honor.

{¶13} The prosecutor addressed the trial court and admitted that he did not have sufficient information about the violation to make an "intelligent recommendation." The prosecutor did provide the following:

{¶14} It is clear that the defendant did have a nine-millimeter handgun while under disability. And he has been convicted of prior crimes involving weapons. He's been to NEOCAP twice. Prison once. And has picked up somewhere in the neighborhood of a dozen convictions ranging from traffic convictions to violent offenses in just the past six years.

{¶15} The trial court addressed John as follows:

{¶16} Well, Mr. John, I recall when I sentenced you; that's when I cut you your break. Most people don't get a second bite at NEOCAP. There are exceptions. You were one of them. Because you

4

managed to impress me with your sincerity; your desire to better yourself; take care of your kids; do all those things that a man is supposed to do from your perspective.

**{¶17}** But among the things that stand out, I mean, you got a record of: You're gon'na do it your way. You don't care that you don't have a license. You're gon'na drive. And the crime you were charged with -- and that's just your record of driving under suspension. I remember you were driving a hundred-plus on a motorcycle. Then you took off and they had to chase you down. And despite that [I] figured: Okay, we'll try NEOCAP. Maybe he's learned his lesson.

**{¶18}** You were packing a nine-millimeter; that's not a hunting gun. That's a gun intended to kill people. * * * And not only are you a convicted felon, you're out on community control. You don't get to carry a gun. You just don't.

**{¶19}** So I am sentencing you to prison for 17 months.

**{¶20}** On August 10, 2012, John filed a Notice of Appeal. On appeal, John raises the following assignment of error:

**{¶21}** "[1.] The trial court erred and abused its discretion in sentencing the appellant too harshly."

**{¶22}** "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-

5

of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶23} "If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may impose * * * [a] prison term on the offender pursuant to section 2929.14 of the Revised Code." R.C. 2929.15(B)(1)(c). The Ohio Supreme Court has observed that "R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender," and "requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20.

{¶24} John argues the trial court failed to consider the seriousness and recidivism factors contained in R.C. 2929.12, "and seemed to have a predetermined outlook for accepting the position of a maximum sentence."[2] John notes that the State admitted that it did not possess enough information to make a specific sentencing recommendation. John argues that the court never considered his request to continue community control sanctions. Finally, John claims that the sentence imposed is excessive in light of the fact that the violation did not result in harm to "any other individuals" and was not motivated "by race, gender, sex or religion," and that he "showed genuine remorse for the crime itself."

{¶25} We find no error in the trial court's imposition of a seventeen-month sentence for the violation. The court did not have to expressly consider John's request

---

2. John argues throughout his appellate brief that the trial court imposed the maximum sentence. The maximum sentence for a fourth-degree felony, however, is eighteen months, rather than seventeen. R.C. 2929.14(A)(4).

6

to continue community control sanctions, as the court had discretion to adopt any of the penalties provided for in R.C. 2929.15(B).

{¶26} The decision to impose a prison term was amply justified. John violated his community control sanctions - imposed for committing a fourth-degree felony - by being convicted of committing another fourth-degree felony. The violation involved John's possession of a nine-millimeter handgun which, the trial court emphasized, is a deadly weapon. The court also recognized the gravity of the underlying offense of Failure to Comply, i.e., fleeing from the police on a motorcycle at speeds in excess of 100 m.p.h. John provided no explanation for his possession of the handgun beyond that he was "scared for [his] family." Thus, John's violation of his community control sanctions was not a minor matter. Rather, his conduct in violating the conditions of his community control was just as serious and potentially harmful to other persons as the conduct that resulted in the sanctions in the first place.

{¶27} The trial court further cited the failure of prior efforts to rehabilitate John, noting the opportunities John has had to conform his conduct to the law, and his attitude that the law does not apply to him. The prosecutor's recitation of John's criminal record substantiates the court's opinion.

{¶28} Thus, the trial court adequately considered the seriousness of the violation and the underlying offense, as well as the likelihood of recidivism. The imposition of a seventeen-month sentence for violating community control sanctions was a proper exercise of court's discretion. *See State Williams*, 8th Dist. No. 92769, 2010-Ohio-659, ¶ 17 (there was no abuse of discretion where offender admitted the violation and the trial court imposed a prison term within the statutory range for the offense).

{¶29} The sole assignment of error is without merit.

{¶30} For the foregoing reasons, the Order of the Geauga County Court of Common Pleas, imposing a seventeen-month sentence on John for violation of his community control sanctions, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.