[Cite as *State v. Fitzgerald*, 2013-Ohio-1893.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98723**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFEREY FITZGERALD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-556480 and CR-559404

**BEFORE:** Stewart, A.J., Boyle, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**FOR APPELLANT**

Jefferey Fitzgerald, Pro Se
11701 Jesse Avenue
Cleveland, OH    44105


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mollie Ann Murphy
          T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs and oral arguments of the parties. Defendant-appellant Jefferey Fitzgerald pleaded guilty in two separate cases, CR-556480 and CR-559404, with the sentence imposed in CR-559404 to be served concurrent with that imposed in CR-556480. In CR-556480, the court granted Fitzgerald 108 days of jail-time credit. The sentencing entry in CR-559404 did not include any jail-time credit. Fitzgerald did not file a direct appeal from his conviction and sentence in either case. After the time to file a direct appeal had expired in both cases, Fitzgerald filed motions in both cases asking the court to give him jail-time credit in both cases under authority of *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, in which the syllabus states: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." The court denied the motions, stating that "defendant has already been given jail time credit at the time of sentencing."

{¶2} We first note that Fitzgerald has been released from prison (he appeared for oral argument), so any grant of additional jail-time credit would not serve to reduce the amount of time spent in jail. Although Fitzgerald requests that we nonetheless rule on his assigned error for other reasons, his appeal is rendered moot by virtue of his release.

*State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6.

**{¶3}** Additionally, we have characterized a motion to "correct" a sentence as a petition for postconviction relief. *See State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930, ¶ 8. *See also State v. Richardson*, 10th Dist. No. 12AP-640, 2013-Ohio-292, ¶ 7. As such, principles of res judicata apply to bar the assertion of any claim relating to sentencing that was or could have been raised on direct appeal. *Kelly* at ¶ 18, citing *State v. Castro*, 8th Dist. No. 97451, 2012-Ohio-2206. Fitzgerald could have, but did not, raise the legal issue of jail-time credit for concurrent sentences in a direct appeal from his convictions. Principles of res judicata apply to bar the assertion of that claim in postconviction proceedings. *See State v. McBride*, 10th Dist. No. 10AP-1152, 2011-Ohio-3030, ¶ 8 (holding that claimed *Fugate* violation was a "legal challenge" to jail-time credit that was barred by doctrine of res judicata). *See also State v. DeMarco*, 8th Dist. No. 96605, 2011-Ohio-5187, ¶ 7; *State v. Deal*, 3d Dist. No. 5-08-15, 2008-Ohio-5408.

**{¶4}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

TIM McCORMACK, J., CONCURS;

MARY J. BOYLE, J., CONCURS WITH
SEPARATE OPINION

MARY J. BOYLE, J., CONCURRING:

**{¶5}** This appeal involves the application of jail-time credit — a statutory requirement under R.C. 2967.191 that "has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. Jail-time credit recognizes the liberties lost spent behind bars, and more significantly, it recognizes that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status. *Id.*

**{¶6}** And while the majority correctly applies the governing law at the time that Fitzgerald filed his motion seeking jail-time credit, I write separately to highlight recent amendments to R.C. 2929.19, through the enactment of H.B. No. 487 and S.B. No. 337, that impose certain duties on a trial court at the time of sentencing with respect to

jail-time credit. Specifically, under R.C. 2929.19(B)(2)(g)(i), a trial court must at the time of sentencing,

> determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code.

{¶7} The statute further vests the trial court with "continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) * * *." R.C. 2929.19(B)(2)(g)(iii). I applaud the legislature for recognizing the civil liberties at stake and adopting legislation that further protects them.