[Cite as *State v. Stayton*, 2017-Ohio-8615.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-16-055

      Appellee                              Trial Court No. 2013-CR-318

v.

Andrew J. Stayton                          **DECISION AND JUDGMENT**

      Appellant                            Decided:  November 17, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jeanne M. Lippert, Assistant Prosecuting Attorney, for appellee.

Andrew J. Stayton, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal brought by appellant from the judgment of the

Erie County Court of Common Pleas.  In this case, the record establishes that on

March 17, 2014, appellant entered a plea of guilty to violating R.C. 2925.11(C)(1)(e) and

R.C. 2923.03, complicity to commit aggravated possession of drugs, a felony of the first

degree. The prosecution and appellant agreed to the imposition of a five-year prison term which would run concurrent with a prison sentence imposed upon him from the Lorain County Court of Common Pleas. On March 19, 2014, appellant was sentenced to a period of five years of incarceration at the Lorain Correctional Institution with the sentence to be served concurrent with the sentence previously imposed by the Lorain County Court of Common Pleas in case No. 13-CR-086843. He was given seven days credit toward his sentence in this case.

{¶ 2} On January 21, 2016, appellant filed a "Motion to Correct Jail-Time Credit" with the trial court. In his motion appellant stated that he was arrested on February 23, 2013, and confined until March 17, 2014. He argued that it was his belief that any sentence imposed would be literally concurrent with any time imposed while awaiting trial and sentencing in the Lorain County Jail and the Lorain Correctional Institution on the Lorain charges. In support of this proposition, appellant pointed out that he did not post the required $80,000 bond established by the court on August 6, 2013, and therefore, he should be given jail-time credit on the Erie County charges even though he was being held either in the Lorain County Jail or serving his sentence at the Lorain Correctional Institution pursuant to an order from the Lorain County Court of Common Pleas.

{¶ 3} Appellant presented *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7, to the trial court as supportive of his position.

{¶ 4} On April 5, 2016, appellant's motion was denied by the trial court.

2.

{¶ 5} On June 28, 2016, appellant filed a "Renewed Motion for Recalculation of Granted Jail Time Credit." That motion was denied on July 14, 2016. However, the record reflects that the court again submitted another denial of the same "Renewed Motion for Recalculation of Sentence" on August 9, 2016.

{¶ 6} Nevertheless, appellant was granted leave by this court to file a delayed appeal from the July 14, 2016 judgment denying his "Renewed Motion for Recalculation of Granted Jail Time Credit."

{¶ 7} In his merit brief, appellant presents a single assignment of error:

The Trial Court erred by not granting Appellant Mr. Stayton's Motion for Recalculation of Granted Jail Time Credit.

{¶ 8} Appellant restates his argument that was presented to the trial court in support of his motion. Essentially, he asserts that *State v. Fugate* would mandate that he be given credit for his time in custody from August 23, 2013, until March 29, 2014, since he did not post bail in any case.

{¶ 9} In *State v. Fugate*, the court held that R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. The court further held that "So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 12.

3.

{¶ 10} The available record before the court indicates that appellant was indicted by the Grand Jury of Erie County on August 6, 2013. However, appellant was not in the custody of the Erie County Sheriff at that time. On August 27, 2013, the court issued an order to remove appellant from the Lorain County Jail. The court docket indicates that on September 4, 2013, appellant was brought before the court and arraigned on the indictment. Appellant did not request a copy of any of the transcripts of the proceedings below so it cannot be determined where appellant was physically located at the time of his arraignment.

{¶ 11} Appellant continued in the custody of the Lorain County Jail, but at some point he was transferred to the Lorain Correctional Institution pursuant to a sentence imposed upon him by the Lorain County Court of Common Pleas. He was removed from that facility and brought before the Erie County Court of Common Pleas on March 17, 2014, wherein he entered his plea. He was sentenced by the Erie County Court of Common Pleas on March 19, 2014, to a period of five years in the Lorain Correctional Institution to be served concurrent with the Lorain County case.

{¶ 12} This court has consistently held that a motion to correct jail-time credit is an alternative to raising the issue on direct appeal or in postconviction relief. *State v. Verdi*, 6th Dist. Erie No. E-13-025, 2013-Ohio-5630, ¶ 11,

{¶ 13} However, a remedy to correct jail-time credit is limited to cases in which the trial court's alleged error involves a clerical mistake rather than a substantive claim.

4.

{¶ 14} We have also held that a failure to timely raise substantive jail-time credit claims results in the issue being barred from further consideration by the doctrine of res judicata. *Id.*

{¶ 15} In the case before the court, appellant's claim involves more than a mere mathematical miscalculation and is clearly a substantive claim. He argues that he should be given credit for time served while in custody of another court in another county and while serving time in the penitentiary pursuant to a sentence of another court on a different charge. This "purely legal argument" concerning jail-time credit should have been raised in a direct appeal of his conviction and appellant is therefore now precluded from raising the issue herein by the doctrine of res judicata. *State v. Perry*, 7th Dist. Mahoning No. 12 MA 177, 2013-Ohio-4370, ¶ 12-14.

{¶ 16} In light of the forgoing, we conclude that appellant's sole assignment of error is not well-taken.

## Conclusion

{¶ 17} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
                                           _____
                                                      JUDGE

Thomas J. Osowik, J.
                                           _____
                                                      JUDGE

James D. Jensen, P.J.
CONCUR.
                                           _____
                                                      JUDGE