[Cite as *State v. Haddox*, 2018-Ohio-880.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No. E-17-006

    Appellee                                Trial Court No. 2011-CR-309

v.

Gregory R. Haddox                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 9, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Gregory Haddox, appeals the February 22, 2017

judgment of the Erie County Court of Common Pleas which, following a remand from

this court, sentenced appellant to consecutive sentences totaling 58 months reduced by

315 days of jail-time credit. Because we find that the court's jail-time credit calculation was in accordance with law, we affirm.

{¶ 2} A detailed factual history of this case is set forth in *State v. Haddox*, 2016-Ohio-3368, 66 N.E.3d 262 (6th Dist.) Relevant to this appeal, on October 1, 2012, appellant was sentenced to community control on several counts, including forgery and grand theft, with the caveat that if the terms of community control were violated, a 58-month imprisonment term would be imposed. At a hearing on January 23, 2015, appellant was found to have violated his community control and on January 28, 2015, was sentenced to concurrent 11 months of imprisonment on six counts; concurrent 17 months of imprisonment on five counts, and 30 months of imprisonment of one count. The three groups of sentences were ordered to be served consecutive to one another for a total of 58 months of imprisonment. Appellant was given credit for 315 days of incarceration as of January 23, 2015. On appeal, this court affirmed appellant's convictions but remanded the matter for resentencing due to the reduction in the value of the loss and corresponding felony degree in certain theft offenses. *Haddox*, *supra*, at ¶ 24-27.

{¶ 3} In the interim, on February 17, 2015, appellant filed a pro se motion for jail-time credit arguing that he was entitled to credit from March 6, 2014, through January 27, 2015, for an additional 312 days. The motion was denied on April 9, 2015.

{¶ 4} On November 22, 2016, appellant, this time represented by counsel, filed a motion for re-computation of time and/or immediate release from incarceration. The motion argued that jail-time credit was required to be applied to each sentencing

2.

"bundle" or group of sentences that were packaged together then ordered to be served consecutively. Thus, appellant contended that the roughly 11 months of credit he was awarded prior to sentencing should actually be 33 months.

{¶ 5} At the January 24, 2017 resentencing hearing, appellant was sentenced to the same amount of imprisonment time, 58 months, and again given credit for 315 days of jail time. Thus, the court, de facto, denied appellant's motion for additional jail-time credit. The judgment entry was journalized on January 25, 2017.

{¶ 6} Following resentencing, appellant filed numerous pro se motions for jail-time credit and judicial release; the motions were all summarily denied. Following the trial court's February 22, 2017 nunc pro tunc judgment entry correcting a typographical error in the January 25 judgment, appellant filed a pro se notice of appeal in the instant matter. Ultimately, in May 2017, appellate counsel was appointed.[1]

{¶ 7} Appellant now raises one assignment of error for our review:

First Assignment of Error: The trial court erred when it failed to appropriately calculate appellant's credit for jail time served in violation of the equal protection clauses of the United States and Ohio Constitutions.

{¶ 8} In his sole assignment of error, appellant contends that he should have been given approximately 200 additional days of jail credit for time served in Erie, Cuyahoga,

---

[1] In case No. E-17-016, appellant proceeded pro se in his appeal of the trial court's March 7, 2017 denial of his motion for jail-time credit. In that appeal, affirming the trial court's judgment we rejected appellant's argument that he was entitled to credit for each concurrent sentence, or 315 off each concurrent sentence instead of 315 total, The judgment entry in case No. E-17-016 has not been published and has no precedential value. *See* S.Ct.R.Rep.Op. 3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12.

and Summit Counties following the issuance of a warrant and holder out of Erie County in this matter. Appellant also contends that credit should have been applied as to each concurrent sentence "bundle."

{¶ 9} R.C. 2967.191 provides:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.

{¶ 10} Further, Ohio Adm.Code 5120-2-04 provides, in relevant part:

(F) If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.

(G) If an offender is serving two or more sentences, stated prison terms or combination thereof consecutively, the bureau of sentence computation shall aggregate the sentences, stated prison terms or combination thereof pursuant to rule 5120-2-03, 5120-2-03.1, or 5120-2-03

of the Administrative Code.  The department of rehabilitation and correction shall reduce the aggregate definite sentence, aggregate stated prison term or aggregate minimum and aggregate maximum sentences or combination thereof, as determined by rule 5120-02-03, 5120-2-03.1 or 5120-2-03.2 of the Administrative Code, by the total number of days the offender was confined for all of the offenses for which the consecutive sentences, stated prison term or combination thereof were imposed.

{¶ 11} Appellant acknowledges that he was held in Summit and Cuyahoga Counties on unrelated charges but contends that pursuant to *State v. Doyle*, Franklin App. Nos. 12AP-567, 12AP-568, 12AP-793, 12AP-794, 2013-Ohio-3262, pretrial detention time, even while being held on other charges, is creditable.  In *Doyle*, the appellant was incarcerated in Ross County on a misdemeanor and was subject to detainers from Franklin, Washington, and Clinton Counties on unrelated charges.  *Id.* at ¶ 21-22.  In the Franklin County case on appeal, the appellant argued that he was entitled to 270 additional days of jail-time credit based upon his time served in Washington County and before his Franklin County sentencing.  *Id.* at ¶ 23.

{¶ 12} The court first acknowledged that "pretrial detention time on one charge, even when the defendant is simultaneously detained awaiting trial on other, unrelated charges, is creditable in most circumstances."  *Id.* at ¶ 25, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 19-21.  The court explained that "[i]f we assume that all appellant's sentences across all jurisdictions are imposed concurrently, then his pretrial time in Washington County, even if already credited to his Washington

5.

County sentence, might also apply to his Franklin County sentences under the primary holding in *Fugate*." *Id.* The *Doyle* court explained that "[i]t is the duty of the appellant upon appeal to point to the record and demonstrate error in the trial court's jail-time credit calculation." *Id.* at ¶ 27, citing *State v. Hunter*, 10th Dist. Franklin No. 08AP-183, 2008-Ohio-6962, ¶ 17. The court concluded, however, that the appellant failed to demonstrate that he was ordered to serve his Franklin County sentences concurrently with sentences from any other county in which he was charged. *Id.*

{¶ 13} In the present matter, at the January 24, 2017 resentencing hearing, appellant's counsel raised the issue of jail-time credit. The court stated that it did not believe that the holding in *Fugate* was applicable to the present action. However, counsel proceeded to analogize:

> [I]f I approached your bench and stole your telephone, that'd be a felony, and it could be written up two, three, four, five different ways I could be indicted for it, okay. When we come to sentencing be one time. I could be tried under different counts, okay. Come to sentencing, if you do the crime you only get sentenced one time.

{¶ 14} The court then noted that this reasoning was an allied offense argument which was addressed by this court on appeal, not a jail-time credit issue. Counsel went on to indicate that appellant had served "943 days on the whole thing" and requested credit in that amount. The state countered: "The Defendant filed a motion for jail credit, he's asking for – there's 323 days, he served them in Cleveland in Cuyahoga County Jail,

6.

that time was given to him on his Cleveland case. It is not relevant to Erie County. The days that he got for being in the Erie County Jail is what he gets in the entry, * * *." The court agreed.

{¶ 15} Upon review, we conclude that appellant has failed to demonstrate any nexus between the jail-time confinement in other counties and his conviction in Erie County. *See Doyle, supra*.

{¶ 16} Appellant further argues that within his sentence jail-credit should have been applied to each concurrent sentence "bundle." This interpretation is contrary to the holding of *Fugate* which entitles jail-time credit as to each concurrent prison term, not consecutive terms. *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at syllabus, ¶ 10-11. By reducing each "bundle" by the amount of time served, appellant's sentence would be reduced by three-times the number of days he served in jail prior to sentencing; this windfall is not supported by Ohio statutory or case law. Based on the foregoing, we find that appellant's assignment of error is not well-taken and it is denied.

{¶ 17} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
                                                       JUDGE

James D. Jensen, J.

Christine E. Mayle, P.J.                           _____
CONCUR.                                                          JUDGE

                                                 _____
                                                        JUDGE

8.