[Cite as *State v. Harris*, 2021-Ohio-2425.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | APPEAL NO. C-200281 |
| | | | TRIAL NO. B-2000348 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | | *O P I N I O N.* |
| CALESHA HARRIS, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 16, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney*,* for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Director, Appellate Division of the Hamilton County Public Defender, for Defendant-Appellant.

**Zayas, Presiding Judge.**

{¶1} Calesha Harris appeals from the judgment of the trial court denying her motion for jail-time credit for the time she spent incarcerated while her case was pending. For the following reasons, we reverse the trial court's judgment and remand the cause to the trial court.

## Factual Background

{¶2} On January 23, 2020, Calesha Harris was charged with two counts of burglary and one count of receiving stolen property. She pled guilty to one count of burglary and one count of receiving stolen property, and the second burglary charge was dismissed. Harris was sentenced to three years of community control, which included serving 180 days at the Hamilton County Justice Center on the burglary and 30 days on the receiving stolen property, to be served consecutively for an aggregate term of 210 days' incarceration.

{¶3} That sentence was to be served concurrently with the sentence imposed in a prior case numbered B-200083 for a burglary conviction. Harris was given 168 days of jail-time credit in the case numbered B-200083. Harris was not given any jail-time credit in this case. On July 21, 2020, the court filed a nunc pro tunc entry to reflect that Harris was not eligible for jail-time credit.

{¶4} On August 11, 2020, Harris filed a motion for jail-time credit seeking credit for the time she spent incarcerated while her case was pending. Although the state agreed that Harris was entitled to the credit, the trial court overruled the motion because Harris had received the credit in the case numbered B-200083.

{¶5} Harris now appeals.

## Law and Analysis

{¶6}    In her sole assignment of error, Harris contends that the trial court erred when it refused to grant her motion for jail-time credit.  The state concedes the error because under R.C. 2967.191, "[s]o long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit."  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22.  We agree and sustain the assignment of error.

{¶7}    The state contends that Harris was entitled to 159 days of jail-time credit, calculated from her date of arrest to the date of sentencing.  Initially, Harris agreed that she was entitled to 159 days of credit.  However, she now requests credit of either 188 days, the time of incarceration from arrest to the nunc pro tunc entry, or 209 days, the time of incarceration from arrest to the hearing on the motion for jail-time credit.  However, Harris cites to no statutes or case law to support her request.

{¶8}    Accordingly, we conclude that Harris is entitled to 159 days of jail-time credit.  Her assignment of error is sustained.

## Conclusion

{¶9}    Having sustained Harris's sole assignment of error, we reverse the judgment of the trial court and remand the cause to the trial court to reflect the jail-time credit in the sentencing entry.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.