**[Cite as *State v. Boyd*, 2021-Ohio-3517.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2021-CA-8 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2017-CR-63 |
| v. | : | |
| | : | (Criminal Appeal from |
| LEE EDWARD BOYD | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of October, 2021.

. . . . . . . . . . .

KEVIN S. TALEBI by ELIZABETH HANNING SMITH, Atty. Reg. No. 00076701, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

ANDREW C. SCHLUETER, Atty. Reg. No. 0086701, P.O. Box 96, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Lee Edward Boyd appeals from the trial court's judgment entry finding that he violated the conditions of community control, revoking community control, and imposing a 30-month prison sentence.

{¶ 2} In his sole assignment of error, Boyd contends the trial court erred in failing to award jail-time credit for time he spent confined at the West Central community-based correctional facility.

{¶ 3} In June 2017, Boyd pled guilty in the above-captioned case, Champaign C.P. No. 2017-CR-63, to one count of having a weapon while under disability. At the time of his offense, Boyd was serving a two-year community control sanction in a prior case, Champaign C.P. No. 2013-CR-225. As a result of his weapon-under-disability conviction, Boyd was found guilty of community control violations in the 2013 case. In an August 3, 2017 entry, the trial court nevertheless returned him to community control in the 2013 case while reserving a potential aggregate 22-month prison sentence. In the same entry, the trial court imposed five years of community control in the 2017 case while reserving a potential 30-month prison sentence. It noted that the sentences in the two cases would be ordered to be served consecutively if community control were revoked.

{¶ 4} The trial court's August 3, 2017 entry contained various community control conditions. For the 2013 case, it imposed "the same standard and special conditions" of community control that it previously had ordered. The trial court also imposed standard and special conditions in the 2017 case. One of the special conditions in the 2017 case obligated Boyd to complete the West Central residential program. (August 3, 2017 entry at 5-6.) The trial court also appears to have incorporated the West Central requirement

into the community control conditions for the 2013 case as well. (*Id.*) Finally, in the 2013 case, the trial court noted that Boyd had accrued 25 days of jail-time credit and stated that he "shall receive additional jail time credit for admission screening time to while on electronic monitoring [sic] and house arrest, and residence in the West Central Community Based Correctional Facility." (*Id.* at 9.) With regard to the 2017 case, the trial court indicated that Boyd had not accrued any jail-time credit. (*Id.*) Boyd was conveyed to the West Central facility on September 12, 2017. He completed the program and was released on February 13, 2018. (January 25, 2021 Tr. at 23; *see also* Presentence Investigation Report.) The trial court's online docket in the 2013 case reflects that Boyd's community control was terminated unsuccessfully on November 1, 2018.

{¶ 5} With regard to the 2017 case, a community control violation notice was filed on December 16, 2020, alleging that Boyd had violated his conditions by driving with an expired license and vehicle registration and by possessing drugs and paraphernalia. Following a hearing, the trial court found him guilty of the violations. It revoked community control and imposed the previously reserved 30-month prison sentence. The trial court awarded him 14 days of jail-time credit for time spent in confinement from January 12 to January 25, 2021. (January 25, 2021 entry at 4, 6.) With regard to the time Boyd previously had spent in the West Central facility, the trial court told him: "Your prior jail-time credit for the West Central Program was in the 2013 case. And that 2013 sentence had been run consecutive to the 2017 case. And you were unsuccessfully terminated from your 2013 case on November 1, 2018." (January 25, 2021 Tr. at 28.)

{¶ 6} On appeal, Boyd contends the trial court erred in not awarding jail-time credit in this case for time he spent confined at West Central. He correctly notes that West

Central is a "community based correctional facility" and that all time served in such a facility "constitutes confinement" for purposes of jail-time credit. *State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001). Boyd also cites R.C. 2967.191(A), which provides that a prison term "shall" be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" Here Boyd was required to complete the West Central program as a condition of his community control sanction in his 2017 case. (August 3, 2017 entry at 5-6.) He was admitted to West Central on September 12, 2017, and released on February 13, 2018. He asserts that he was entitled to jail-time credit for this period of confinement.

{¶ 7} The State's response is three-fold. First, the State argues that Boyd's complaint about jail-time credit is barred by res judicata. It notes that the trial court's August 3, 2017 entry mentioned his entitlement to West Central jail-time credit in the 2013 case but did not mention such jail-time credit in connection with the 2017 case. The State claims Boyd was required to appeal from the August 3, 2017 entry and raise the issue of entitlement to West Central jail-time credit in the 2017 case. Second, the State contends Boyd's obligation to complete the West Central program was imposed as a community control condition only in the 2013 case. Therefore, he was not entitled to West Central jail-time credit in the 2017 case. Third, the State notes that the trial court's August 3, 2017 entry reserved consecutive prison sentences upon revocation of community control in the 2013 and 2017 cases. The State points out that jail-time credit applies to only one prison term when consecutive sentences are imposed. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. Therefore, the State insists that the trial court

"properly credited" Boyd with time spent at West Central in only the 2013 case.

{¶ 8} Upon review, we reject the State's arguments and, on this record, we hold that Boyd was entitled to jail-time credit in the 2017 case for his period of confinement at West Central. In its August 3, 2017 entry, the trial court advised that consecutive sentences would be imposed in the 2013 and 2017 cases if community control were to be revoked. It also specified that the time Boyd was to spend confined at West Central would count as jail-time credit in the 2013 case. If the trial court subsequently had revoked community control in both cases and had imposed consecutive sentences, Boyd consequently would have been entitled to West Central jail-time credit in only one of the two cases. The trial court's August 3, 2017 entry identified which case.

{¶ 9} The fact remains, however, that the trial court's August 3, 2017 entry did not actually award Boyd any West Central jail-time credit. It could not do so for at least two reasons. First, there was no existing prison sentence against which to grant jail-time credit. As set forth above, the trial court's August 3, 2017 entry continued community control in the 2013 case and imposed community control in the 2017 case. Second, at the time of the trial court's entry, Boyd had not earned any jail-time credit based on confinement at West Central. He was not even admitted to West Central until September 12, 2017. Therefore, with regard to jail-time credit, the trial court's August 3, 2017 entry constituted only a prospective determination that Boyd would receive jail-time credit in the 2013 case if community control were to be revoked and consecutive prison sentences imposed in the 2013 and 2017 cases. At the time of the trial court's August 3, 2017 entry, Boyd had no reason to appeal this determination as there was nothing wrong with it.

{¶ 10} On November 1, 2018, however, the trial court *terminated* community

control in the 2013 case. It never revoked community control or sentenced Boyd to prison in that case. Consequently, the circumstance the trial court had contemplated in its August 3, 2017 entry regarding the revocation of community control and the imposition of consecutive sentences in the 2013 and 2017 cases never occurred. Instead, after terminating community control in the 2013 case, the trial court later revoked community control in the 2017 case. The issue raised in this appeal is whether Boyd was entitled to West Central jail-time credit in the 2017 case where he never obtained the benefit of such credit in the 2013 case. Boyd could not have raised this issue in an appeal from the trial court's August 3, 2017 entry because, at that time, community control had not been terminated in the 2013 case, Boyd had not earned any West Central jail-time credit, and community control had not been revoked in the 2017 case. Therefore, we see no grounds for applying res judicata.

{¶ 11} We also reject the State's claim that Boyd's obligation to complete the West Central program was imposed as a community control condition only in the 2013 case. Under the heading "Case No. 2017 CR 063," the trial court imposed "Conditions of Community Control Supervision." Those conditions included Boyd's completion of the West Central residential program. (August 3, 2017 entry at 5-6.) The trial court also appears to have incorporated the West Central program as a condition of community control under the 2013 case. (*Id.*) A subsequent August 7, 2017 journal entry further established that completion of the West Central program was a special condition of community control in the 2017 case.

{¶ 12} Finally, we reject the State's argument that the trial court "properly credited" Boyd with West Central jail-time credit in only the 2013 case. The State reasons that Boyd

was not entitled to the same jail-time credit in both the 2013 and 2017 cases because the trial court imposed consecutive prison sentences in them. The State perhaps would be correct if the trial court had done as it suggests. But the trial court did not *impose* consecutive prison sentences in the two cases. The trial court *reserved* consecutive prison sentences in the event that it ever revoked community control in the two cases. Ultimately, however, the trial court terminated community control in the 2013 case without imposing a prison sentence. Therefore, the trial court did not "credit" Boyd with any jail time against a prison sentence in that case. The only relevant prison sentence the trial court imposed was its 30-month prison sentence in the 2017 case. Boyd was entitled to West Central jail-time credit in the 2017 case because he was ordered to complete the West Central residential program as part of that case, and he did not receive jail-time credit for that period of confinement in the 2013 case. Accordingly, Boyd's assignment of error is sustained.

{¶ 13} The judgment of the Champaign County Common Pleas Court is reversed, and the case is remanded for the trial court to grant Boyd jail-time credit for his period of confinement at the West Central facility.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Kevin S. Talebi
Elizabeth Hanning Smith
Andrew C. Schlueter
Hon. Nick A. Selvaggio