[Cite as *State v. Thomas*, 2017-Ohio-607.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 9-16-41

    v.

HUNTER RYAN THOMAS,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2014-CR-092

Judgment Affirmed

Date of Decision: February 21, 2017

APPEARANCES:

    *Robert C. Nemo* for Appellant

    *Kevin P. Collins* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Hunter Ryan Thomas, appeals the August 1, 2016 judgment of the Marion County Court of Common Pleas revoking his community control sanctions and imposing a prison term of twelve months. On appeal, Thomas assigns as error the trial court's calculation of jail-time credit applied to this case.[1]

{¶2} On March 5, 2014, in case number 2014-CR-092, the Marion County Grand Jury indicted Thomas on one count of Trafficking in Heroin, in violation of R.C. 2925.03(A)(1), (C)(6), a felony of the fifth degree.

{¶3} On May 9, 2014, Thomas pleaded guilty to the charge as stated in the indictment. The trial court accepted Thomas' guilty plea and imposed a period of two years of community control sanctions. The trial court notified Thomas that it could impose a term of imprisonment if he violated the conditions of his community control sanctions. The trial court specified that the term of imprisonment would be twelve months.

{¶4} On October 9, 2014, the trial court conducted a hearing prompted by Thomas' probation officer, who filed a notice of Thomas' violations of the terms of

---

[1] "The term 'jail-time credit' is used as shorthand for custody credit. A prisoner receives credit for any time spent in confinement, including 'confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.' " *State v. Fugate*, 117 Ohio St. 3d 261, 262, fn. 1, 2008-Ohio-856, ¶ 1, citing R.C. 2967.191.

his community control sanctions. The trial court found Thomas to be in violation of his community control sanctions and ordered him to serve ten days in jail in the instant case, 2014-CR-092. The trial court also continued Thomas' community control sanctions and again notified him that he was subject to the imposition of a twelve-month prison term if he violated the terms of his community control sanctions.

{¶5} On August 11, 2015, the trial court held another hearing initiated by Thomas' probation officer's claim of his violations. The trial court found that Thomas had indeed violated the terms of his community control sanctions. The trial court ordered that Thomas' community control be continued, but extended the term an additional 18 months. The trial court also ordered Thomas to complete a four to six-month program at West Central Community Correctional Facility and to be assessed for his eligibility for Drug Court after his successful completion of the program at the community based correctional facility as additional terms of his community control sanctions. The trial court reiterated its notification to Thomas that he was subject to a twelve-month prison term upon violation of the terms of his community control sanctions.

{¶6} On February 19, 2016, the trial court conducted another hearing regarding Thomas' violations of his community control sanctions due to his unsuccessful discharge from the community based correctional facility. The trial

court found that Thomas had violated the terms of his community control sanctions and ordered that Thomas' community control sanctions be extended an additional six months. The trial court further ordered Thomas to complete all requirements of the Drug Court Program, attend and complete substance abuse programming at the discretion of the probation department, and comply with the substance abuse treatment recommendations of Maryhaven, an outpatient substance abuse facility, as additional terms of his community control sanctions. The trial court again notified Thomas that he was subject to a twelve-month term of imprisonment upon violation of the terms of his community control sanctions.

{¶7} On March 28, 2016, Thomas appeared before the trial court for his regularly scheduled Drug Court session. The trial court noted Thomas' noncompliance with the program's expectations by continuing to produce positive drug tests and ordered Thomas to complete four hours of community service each week until a negative drug screen was rendered.

{¶8} On July 25, 2016, the trial court held a hearing on allegations asserted by Thomas's probation officer that Thomas had again violated the terms of his community control sanctions. At the hearing, Thomas admitted to the violations. The trial court discussed Thomas' violations of the terms of his community control sanctions in the instant case, 2014-CR-092, and in another case, 2013-CR-618, for

which Thomas was simultaneously serving a term of community control sanctions.[2] The trial court specifically noted which terms of his community control sanctions Thomas had violated in each case. The prosecution asked the trial court to revoke Thomas' community control sanctions in both cases. Defense counsel requested the hearing be bifurcated so that jail-time credit in both cases could be determined. Accordingly, the trial court's disposition of Thomas' violations of his community control sanctions was continued for a later hearing.

{¶9} On July 29, 2016, Thomas appeared for disposition. The prosecution recommended a prison term be imposed in both case numbers 2013-CR-618 and 2014-CR-092, and that the prison terms be served consecutively. The trial court discussed the nature of consecutive sentencing and noted that 209 days of the calculated jail-time credit, which was comprised of the 163 days that Thomas spent at the community based correctional facility and two periods of local jail incarceration for 28 and 18 days respectively, would be credited to Thomas in case number 2013-CR-618, and that twenty days of jail-time credit for two ten-day periods of local jail incarceration would be credited to this case, 2014-CR-092.

---

[2] We do not have the record from case number 2013-CR-618, however it was indicated by the prosecutor in the transcript of the July 25, 2016 violation hearing that Thomas was under indictment in case number 2013-CR-618 when he committed the offense in the instant case, 2014-CR-092. The trial court noted that in case number 2013-CR-618, Thomas was under Intervention in Lieu of Conviction status until October of 2014 when he was placed on community control sanctions. As previously discussed, Thomas was placed on community control sanctions in the case before us, 2014-CR-092, on May 13, 2014. Thus, Thomas was on community control sanctions in the case *sub judice* when he was also placed on community control sanctions in case number 2013-CR-618.

Defense counsel objected to the trial court's allocation of jail-time credit and sought credit for the 209 days to be applied to both 2013-CR-618 and 2014-CR-092.

**{¶10}** The trial court found sufficient reason to revoke Thomas' community control sanctions based upon his history of repeated violations and his unwillingness to complete court-ordered drug treatment programs. The trial court imposed a twelve-month prison term in case number 2014-CR-092 and a nine-month prison term in case number 2013-CR-618, and ordered the prison terms to run consecutively. As for jail-time credit, the trial court allocated 246 days of jail-time credit to case number 2013-CR-618, which was comprised of six separate instances that Thomas spent incarcerated in local jail amounting to 83 days, and the 163 days that Thomas spent in the community based correctional facility. The trial court allocated twenty days of jail-time credit to Thomas in case number 2014-CR-092. The trial court journalized its sentence in this case in its August 1, 2016 judgment entry.

**{¶11}** Thomas filed this appeal, assigning the following assignments of error.

### ASSIGNMENT OF ERROR NUMBER ONE

**THE TRIAL COURT ERRED BY FAILING TO AWARD APPELLANT ANY JAIL-TIME CREDIT IN ITS JUDGMENT ENTRY OF AUGUST 1, 2016, WHICH REVOKED APPELLANT'S COMMUNITY CONTROL SANCTIONS AND SENTENCED HIM TO A TERM OF TWELVE MONTHS IN PRISON.**

## ASSIGNMENT OF ERROR NUMBER TWO

**THE TRIAL COURT ERRED BY FAILING TO GIVE APPELLANT CREDIT FOR THE TIME THAT APPELLANT SERVED AT THE CBCF AND LOCALLY.**

### *First Assignment of Error*

**{¶12}** In his first assignment of error, Thomas argues that the trial court failed to give him *any* jail-time credit in its judgment entry imposing a prison term for the revocation of Thomas' community control sanctions in case number 2014-CR-092. However, a review of the record reveals that the trial court's August 1, 2016 Judgment Entry states the following regarding jail-time credit.

> **IT IS FURTHER ORDERED that the Defendant be transported to the Correctional Reception Center, Orient, Ohio for assignment to an appropriate penal institution. It is further ordered that the Defendant be given credit for 20 days of local jail time that he was confined through the date of sentencing for any reason arising out of this offense, plus any additional days the Defendant is confined between the date of sentencing and the date committed to the Reception Center.**

(Doc. No. 53 at 2). The record further reflects that the parties agreed at the revocation hearing that these twenty days of credit should be applied to case number 2014-CR-092. Accordingly, we overrule Thomas' first assignment of error insofar as he argues that he was not given *any* jail-time credit in this case.

*Second Assignment of Error*

{¶13} In his second assignments of error, Thomas claims that the trial court erred in failing to credit him 209 days of jail-time credit in the instant case, 2014-CR-092. Thomas acknowledges that the trial court had already credited him these 209 days in case number 2013-CR-618. Nevertheless, Thomas maintains that he is *also* entitled to jail-time credit for these 209 days in the instant case. The 209 days in dispute consist of the following time periods:

> **28 days: Local Jail Incarceration, August 6, 2015 to September 2, 2015**
>
> **163 days: Community Based Correctional Facility, September 3, 2015 to February 12, 2016**
>
> **18 days: Local Jail Incarceration, July 12, 2016 to July 29, 2016**

{¶14} Thomas claims that the trial court should have given him jail-time credit for the 209 days in the instant case based upon the mere fact that the periods of confinements comprising these days had been mentioned in the judgment entries pertaining to both case number 2013-CR-618 and case number 2014-CR-092. Notably, when confronted with Thomas' argument at the revocation hearing, the trial court disagreed and concluded that Thomas' proposed calculation of jail-time credit would amount to him receiving double credit for each day he served during these time periods.

{¶15} In *State v. Fugate*, the Supreme Court of Ohio recognized that the practice of awarding jail-time credit is embedded in the Equal Protection Clauses of the United States and Ohio Constitutions, which prohibit disparate treatment of defendants based solely upon their economic status. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. The court further noted that, relying upon this principle, "courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." *Id*., citing *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972).

{¶16} The court observed that the foregoing principle is codified in R.C. 2967.191 and that the Ohio Administrative Code provides additional directives concerning when a prisoner is entitled to jail-time credit and how to apply the credit to the prison term. *Fugate* at ¶¶ 8-9. Specifically, Ohio Adm.Code 5120-2-04 sets forth different rules for calculating jail-time credit depending upon whether the offender is sentenced to *concurrent or consecutive* prison terms.

{¶17} When an offender is sentenced to *concurrent* prison terms, Ohio Adm.Code 5120-2-04(F) instructs the adult parole authority to independently reduce *each* sentence for the number of days confined for that offense. *See Fugate* at ¶ 9, citing Ohio Adm.Code 5120-2-04(F). Whereas for prison terms that are served *consecutively* to one another Ohio Adm.Code 5120-2-04(G) instructs that jail-time credit be allocated to the appropriate case or cases but *applied only once*,

*to the total term. See Fugate* at ¶ 10, citing Ohio Adm.Code 5120-2-04(G). The court further explained when a defendant is sentenced to consecutive prison terms, jail-time credit applied to one prison term gives full credit that is due *as it reduces the entire length of the prison sentence. Id*. at ¶ 22.

{¶18} Here, the record clearly reflects that the trial court ordered Thomas to consecutively serve the prison terms imposed in 2013-CR-618 and in 2014-CR-092. The record further establishes, and it is undisputed by the parties, that Thomas was given full credit for the 209 days of jail-time credit in case number 2013-CR-618, thereby being applied once and reducing the entire length of the prison sentence consistent with the principles set forth in Ohio Adm.Code 5120-2-04(G) and *Fugate*. Accordingly, Thomas' second assignment of error is overruled.

{¶19} For all these reasons, the assignments of error are overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**