[Cite as *State v. Cheek*, 2020-Ohio-6797.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 8-20-12

      v.

NICHOLAS CHEEK,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 04 0123

Judgment Affirmed

Date of Decision: December 21, 2020

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Nicholas Cheek ("Cheek"), brings this appeal from the April 8, 2020, judgment of the Logan County Common Pleas Court sentencing him to 12 months in prison after Cheek pled guilty to, and was convicted of, Attempted Domestic Violence in violation of R.C. 2923.02 and 2919.25(A), a felony of the fifth degree. On appeal, Cheek argues that the trial court erred in its calculation of the jail-time credit he received.

*Background*

{¶2} On April 9, 2019, Cheek was indicted for two counts of Domestic Violence in violation of R.C. 2919.25(A)/(D)(4), both felonies of the third degree due to Cheek having two prior domestic violence convictions, and Failure to Provide Notice of Change of Address in violation of R.C. 2950.05(F)(1), a felony of the fourth degree.[1] Cheek pled not guilty to the charges; however, before the case proceeded to trial, the State moved to dismiss the indictment against Cheek and the trial court granted that motion to dismiss on August 19, 2019.

{¶3} A new indictment was filed against Cheek on November 13, 2019, charging Cheek with two counts of Domestic Violence in violation of R.C. 2919.25(A)/(D)(4), both felonies of the third degree due to Cheek having two prior

---

[1] The Bill of Particulars indicated that Cheek's registration requirement stemmed from a 2006 conviction in Champaign County for Unlawful Sexual Conduct with a Minor.

Domestic Violence convictions, and Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree.

{¶4} On March 2, 2020, a change-of-plea hearing was held wherein Cheek agreed to plead guilty to the amended charge of Attempted Domestic Violence in violation of R.C. 2923.02, and 2919.25(A), a felony of the fifth degree, and in exchange the State agreed to dismiss the remaining charges against him. The agreement was reduced to writing and signed by Cheek and his attorney. The trial court conducted a Crim.R. 11 dialogue with Cheek and determined that his plea was knowing, intelligent, and voluntary. Cheek's plea was accepted, and he was found guilty of the amended charge of Attempted Domestic Violence.

{¶5} On April 7, 2020, a sentencing hearing was held wherein Cheek was ordered to serve 12 months in prison. He was given credit for 106 days of incarceration "as of this hearing date, along with future custody days while Defendant awaits transportation to the appropriate state institution." (Doc. No. 134). A judgment entry memorializing Cheek's sentence was filed the next day. It is from this judgment that Cheek appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred in calculating appellant's jail time credit.**

{¶6} In his assignment of error, Cheek argues that the trial court erred in calculating his jail-time credit. More specifically, he contends he was given 106 days of jail-time credit, but the actual amount he should have received was 150 days.

{¶7} Although the State did not file a cross-appeal, the State contends that Cheek actually received *too much* jail-time credit. The State argues that the appropriate calculation was 91 days. Nevertheless, the State seems to concede that even though it feels the jail-time credit calculation is wrong, Cheek should receive the benefit of the extra 15 days credit he was given at sentencing. However, the State is adamant that any credit beyond 106 days would be inappropriate and inequitable in this matter.

Analysis

{¶8} Revised Code 2929.19(B)(2)(g)(i) requires that when a trial court determines at sentencing that a prison term is necessary or required, it must

> **Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* under section 2967.191 of the Revised Code. *The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.***

(Emphasis added.)

{¶9} Importantly, R.C. 2929.19(B)(2)(g)(iii) provides the sentencing court "continuing jurisdiction to correct any error" when calculating jail-time credit. Despite this continuing jurisdiction, Cheek elected to file a direct appeal to challenge his jail-time credit, limiting our review to what had already been placed in the record at the time of sentencing regarding jail-time credit.

{¶10} There was a discussion regarding jail-time credit at the sentencing hearing. The State pointed out that the author of the pre-sentence investigation stated that Cheek was entitled to 121 days of credit. The State disputed this amount, arguing that Cheek should not have received credit for any incarceration from August 14, 2019, to August 28, 2019, because the original indictment against Cheek had been dismissed during at that time. Thus the State argued that Cheek was being held on other charges for those 15 days. The State argued at the sentencing hearing that the appropriate amount of days of jail-time credit was thus 106.

{¶11} When Cheek personally made a statement at the sentencing hearing, he argued that he had "like 288 days of jail time credit in now," essentially disputing both the numbers of the pre-sentence investigator, and the State. (Tr. at 24). After reviewing the matter, the trial court found that "the correct figure should be 106 days." (*Id.* at 25).

{¶12} Cheek now argues on appeal that the appropriate number of jail-time credit days was 150. The bulk of the dispute between the parties appears to be

regarding whether Cheek was entitled to days of credit in this case for any time he was held during April of 2019 and June of 2019. Cheek contends in his brief to this court that he should get credit for being incarcerated from "April 9 until June 14, 2019." (Appt.'s Br. at 4). He contends that this amounts to 66 days for which he should have received jail-time credit.

{¶13} By contrast, the State argues that during those same months in 2019, Cheek was being held on another charge in another county, and that Cheek was only transported to Logan County and held there on the case *sub judice* on April 25, 2019. Thus the State argues that during the months of April and June of 2019, Cheek was only entitled to 1 day of credit in this case.

{¶14} After reviewing the record, we agree with the State. The record reflects that during April and June of 2019, Cheek was being held on a case from Champaign County. Around the time that Cheek was indicted in this case originally, he was separately indicted in Champaign County for Failure to Provide Notice of Change of Address and he was convicted of that fourth degree felony offense in Champaign County on June 14, 2019. The trial court reviewed the judgment entry from Champaign County when Cheek was sentenced in this matter. In that Champaign County sentencing entry, Cheek was sentenced to serve ten months in prison, with credit for 72 days served, *specifically from "April 3, 2019 to June 14, 2019."* Thus during the April 2019 and June 2019 dates that Cheek now wishes to

claim jail-time credit for, he was serving time on another offense from another county. Cheek is not entitled to jail-time credit in this case for those days spent incarcerated on another charge pursuant to R.C. 2929.19(B)(2)(g)(i). *See also State v. Thomas*, 3d Dist. Marion No. 9-16-41, 2017-Ohio-607.

{¶15} Based on the record before us, we cannot find that Cheek is entitled to extra days of jail-time credit. Therefore, Cheek's assignment of error is overruled.

*Conclusion*

{¶16} For the foregoing reasons, Cheek's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**