[Cite as *State v. White*, 2022-Ohio-2630.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-T-0055** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DANIEL D. WHITE, | Trial Court No. 2021 CR 00672 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: August 1, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Daniel D. White ("Mr. White"), appeals from the judgment of the Trumbull County Court of Common Pleas, which sentenced him to nine months in prison with jail time credit for ten days. Mr. White had pleaded guilty to an amended charge of attempted receiving stolen property (a motor vehicle), a fifth-degree felony.

{¶2} In his sole assignment of error, Mr. White contends the trial court erred by failing to award him jail time credit for the time he spent confined in the Mahoning County Jail awaiting trial in a separate case in the Mahoning County Court of Common Pleas,

case no. 2021 CR 00504 (the "Mahoning County case"), for grand theft of a motor vehicle. Mr. White contends he should have been given jail time credit in this case because his convictions in the two separate cases involved the same motor vehicle.

{¶3} After a careful review of the record and pertinent law, we find Mr. White's assignment of error to be without merit. The burden is on Mr. White to establish the court erred in its jail time award. From the sparse record before us, we have no facts from which we can discern whether Mr. White's offenses were "related." Thus, we have no choice but to presume the regularity and validity of the trial court's jail time credit calculations and affirm.

{¶4} Finding the trial court granted Mr. White jail time credit for the time he served in this case, we affirm the judgment of the Trumbull County Court of Common Pleas.

## Substantive and Procedural History

{¶5} On July 27, 2021, Mr. White was apprehended while in possession of a stolen motor vehicle and placed under arrest. Mr. White was bound over from the Girard Municipal Court to the Trumbull County Court of Common Pleas. A grand jury indicted him on one count of receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A) and (C).

{¶6} Mr. White pleaded guilty to an amended charge of attempted receiving stolen property, a fifth-degree felony, in violation of R.C. 2923.02 and R.C. 2913.51(A) and (C).

{¶7} The trial court sentenced Mr. White to a nine-month term of imprisonment. At the sentencing hearing, defense counsel informed the court that Mr. White was held in the Mahoning County Jail for the "underlying theft offense in this [Trumbull County] case"

2

and requested jail time credit. The state argued that Mr. White was only entitled to jail time credit from July 27 through August 4, i.e., the day he posted bond and was released from the Trumbull County Jail. Mr. White was subsequently arrested while out on bond and taken into custody in Mahoning County for the Mahoning County case.

{¶8} The court inquired whether Mr. White "should get credit for an offense in a different county that didn't apply to this bond and in this case?" Defense counsel reiterated that because the offenses were so closely related Mr. White should receive jail time credit for the time spent in the Mahoning County Jail. Ultimately, the trial court granted Mr. White jail time credit for the time he was held in the Trumbull County Jail from July 27 to August 4 and November 22, the day he was sentenced, for a total of ten days.

{¶9} Mr. White raises one assignment of error on appeal:

{¶10} "The trial court erred by only granting appellant jail time credit for the amount of time he spent in the Trumbull County Jail."

### Jail Time Credit

{¶11} In his sole assignment of error, Mr. White contends the trial court erred by only granting him jail time credit for the time he spent in the Trumbull County Jail before he was released on bond and that the trial court should have also granted him jail time credit for the time he was held in confinement in the Mahoning County Jail in pretrial detention for the Mahoning County case. Both the instant case and the Mahoning County case involved the same subject vehicle.

{¶12} We review the trial court's determination as to the amount of jail time credit to which Mr. White is entitled to under the "clearly and convincingly" contrary to law standard. *State v. Perkins*, 11th Dist. Lake Nos. 2018-L-084 & 2018-L-098, 2019-Ohio-

3

2288, ¶ 12, citing *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 15; *see* R.C. 2953.08(G)(2)(b); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

{¶13}  As the Supreme Court of Ohio has explained, the practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions.  *Perkins* at ¶ 13, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7.  Since the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the Supreme Court of the United States has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees.  *Id.*  Accordingly, when a prisoner is unable to make bail because of indigency, the Equal Protection Clause requires that all time spent in any jail prior to trial and commitment must be credited to his sentence.  *Id.*

{¶14}  The practice of awarding jail time credit is now covered by state statute.  *Id.* at ¶ 14, citing *Fugate* at ¶ 14.  Specifically, R.C. 2929.19(B)(2)(g)(i) requires the trial court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *."

{¶15}  R.C. 2967.191(A) provides that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting

4

trial, * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * *." (Emphasis added).

{¶16} With respect to offenders serving concurrent sentences, Ohio Adm.Code 5120-2-04(E) states that "the department [of rehabilitation and correction] shall independently reduce each sentence or stated prison term for the number of days confined for that offense." By contrast, for offenders serving consecutive terms, jail-time credit is applied only once, to the total term. *Perkins* at ¶ 16, citing *Fugate* at ¶ 10; *see* Ohio Adm.Code 5120-2-04(G).

{¶17} The overall objective of the statutes and rules is to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held. *Perkins* at ¶ 17, citing *Fugate* at ¶ 11.

{¶18} Despite the above authorities, we are mindful of the fact that crediting time served can be complicated, especially when a defendant is charged with multiple crimes committed at different times. *Id.* at ¶ 18; *see State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41.

{¶19} While we do find Mr. White's argument regarding the same subject vehicle intriguing, under the specific circumstances of this case, we disagree with his assertion that he should receive jail time credit for the time he was confined in the Mahoning County Jail for the Mahoning County case.

{¶20} Mr. White is not entitled to jail time credit for the time spent facing separate and unrelated charges. *State v. Haworth*, 11th Dist. Portage Nos. 2019-P-0047, 2019-P-0048, & 2019-P-0049, 2020-Ohio-1341, ¶ 32. As we stated in *State v. Corpening*, 2019-

5

Ohio-4833, 137 N.E.3d 116 (11th Dist.), "the reason for which a defendant is incarcerated is paramount in determining jail-time credit. This court has consistently held that 'jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced.'" *Id.* at ¶ 25, quoting *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11; *see also State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 21 ("[A]n offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted").

{¶21} In this case, the trial court noted that Mr. White was first arrested in Trumbull County on July 27, 2021. He was held in the Trumbull County Jail until August 4, 2021, when he posted bond. While he was out on bond in this case, he was arrested in a separate case in Mahoning County and was held in the Mahoning County Jail. At that time, Mr. White was not subjected to "confinement in lieu of bail while awaiting trial" pursuant to R.C. 2967.191(A) for the instant offense. Rather, Mr. White was in confinement awaiting trial and commitment in a separate case for a different offense under another court's jurisdiction.[1]

{¶22} In *State v. Midlam*, 2d Dist. Montgomery No. 28960, 2021-Ohio-1608, the Second District was not persuaded by the appellant's argument that he should have been credited with the days he was held on bond in that county, even though he was also serving a sentence from a different county. *Id.* at ¶ 32. The appellant claimed that the

---

1. In the Mahoning County case, Mr. White was sentenced to a nine-month term of imprisonment for one count of grand theft of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.02(A)(1) and (B)(5). The trial court granted Mr. White nine months of jail time credit for the time he served in the Mahoning County Jail on that matter only, and he was released on the day he was sentenced.

6

drugs he possessed in Indiana were stolen in Ohio, and, thus, he was serving a sentence in a "related" case when he was held in the Montgomery County Jail. *Id.* The Second District disagreed, determining that the appellant's Montgomery County offenses concerned aggravated robberies on several different dates, which spanned several months. *Id.* at ¶ 33. In contrast, his Indiana charges arose from his possession of drugs in a different jurisdiction several days, at a minimum, after the robberies occurred. *Id.*

{¶23} In the instant case, we have no facts from which we can discern if Mr. White's offenses were "related." The burden is on Mr. White to establish the court erred in its jail time award. *See Corpening* at ¶ 27. In *State v. Woodward*, 2d Dist. Montgomery No. 24483, 2012-Ohio-632, the record did not support the appellant's argument that he was entitled to jail time credit because the record did not demonstrate the date of his arrest. *Id.* at ¶ 13. Absent that information, the record was not sufficient to demonstrate the amount of the appellant's pretrial confinement or to allow the court to calculate his jail time credit. *See id.* at ¶ 15. Thus, under those circumstances where the record was never fully developed on the issue of jail time credit, the Second District determined it must presume the regularity and validity of the trial court's jail time calculations and affirm. *Id.*

{¶24} Similarly here, while we find Mr. White's "same vehicle" argument intriguing, we cannot glean from the sparse record before us the circumstances under which either offense occurred. Reading the sentencing transcript, it appears no one disputed that each case involved the same motor vehicle, but the charged offenses have different elements and occurred in two different counties. *See* R.C. 2913.02(A)(1) and (B)(5) (grand theft of a motor vehicle), and R.C. 2923.02 and R.C. 2913.51(A) and (C)

7

(attempted receiving stolen property). There is no indication of the timeframe between the two offenses other than defense counsel's description of it as being "narrow."

{¶25} An appellant bears the burden of showing error by reference to matters in the record. *Woodward* at ¶ 14; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When the record before us on appeal fails to demonstrate appellant's assigned error, we must presume the regularity and validity of the lower court's proceedings and affirm. *Woodward* at ¶ 14; *Knapp* at 199.

{¶26} Finding the trial court granted Mr. White jail time credit for the time he served in this case, we find his sole assignment of error to be without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-T-0055