[Cite as *State v. Coleman*, 2025-Ohio-2109.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>ERWIN CYRIL COLEMAN,<br><br>Defendant-Appellant. | CASE NOS. 2024-A-0072<br>2024-A-0073<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br>Trial Court Nos. 2022 CR 00368<br>2022 CR 00581 |

## OPINION AND JUDGMENT ENTRY

Decided: June 16, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dawn P. Cantalamessa, Christine Davis,* and *Michael J. Angiolelli,* Assistant Prosecutors, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Erwin Cyril Coleman ("Coleman"), appeals the decisions of the Ashtabula County Court of Common Pleas, sentencing him to 180 days in jail for violating community control in two cases: Case No. 2022 CR 00581 ("Case No. 581") and Case No. 2022 CR 00368 ("Case No. 368"). For the following reasons, we affirm.

{¶2} On March 3, 2023, Coleman pleaded guilty to two counts in Case No. 368: aggravated possession of drugs, in violation of R.C. 2925.11(A),(C)(1)(a), a fifth-degree

felony, and possession of cocaine, in violation of R.C. 2925.11(A),(C)(4)(a), also a fifth-degree felony. Coleman was sentenced to two years of community control.

{¶3}  On the same day, March 3, 2023, Coleman pleaded guilty to one count in Case No. 581: aggravated possession of drugs, in violation of R.C. 2925.11(A),(C)(1)(b), a felony of the third-degree. Coleman was sentenced to two years of community control, to run concurrently with his two-year community control sentence in Case No. 368.

{¶4}  As a condition of Coleman's community control sanctions, he was required to complete the Northeast Ohio Community Alternative Program ("NEOCAP"), a community-based correctional facility, placed on a GPS house arrest monitor, and to seek approval before leaving the house. Coleman was additionally required to submit to drug and alcohol testing on a weekly basis.

{¶5}  After repeatedly failing to charge his GPS home monitor and testing positive for methamphetamine and marijuana, a complaint for violation of community control was filed on May 28, 2024. On August 15, 2024, a probable cause hearing was held for Coleman's violations. At the hearing, Coleman waived his rights to a probable cause hearing and admitted to violating his community control conditions in both cases. Coleman was sentenced to 180 days in jail for his violation in Case No. 581, to run concurrently with a 180-day jail sentence in Case No. 368, after "which supervision on both of those cases will be terminated unsuccessfully."

{¶6}  At sentencing, the trial court noted that the parties agreed that Coleman had 282 days of jail credit but stated that the 282 days would not be applied to Coleman's 180-day sentences.

Case Nos. 2024-A-0072, 2024-A-0073

{¶7}     Coleman now timely appeals his sentences, arguing that he was denied jail credit for time served.

### Assignment of Error

{¶8}     On appeal, appellant asserts one assignment of error:

{¶9}     "The trial court erred when it did not properly apply jail time credit. Coleman was entitled to credit from the date of arrest until the date of his final hearing. (May 24, 2024 - August 15, 2024)[.]"

{¶10}   Coleman asserts that he was arrested on May 24, 2024, at the probation department. Coleman's final hearing on the violation of community control was August 15, 2024. Coleman says he is entitled to 84 days of jail credit from the date he was arrested, on May 24, 2024, to the final hearing on August 15, 2024.

{¶11}   While Coleman argues he was entitled to credit for time served between May 24, 2024, and August 15, 2024 (84 days), that period was already included in the agreed 282-day total. The record reflects that the trial court calculated and properly applied the 84 days of credit as part of the total 282 days of jail credit. While not explicitly reflected in the assignment of error, the salient issue before this Court is whether and how the total 282 days of jail credit must be applied to the 180-day jail sentence imposed for Coleman's community control violation.

{¶12}   In his brief, Coleman contends, "[t]he trial court effectively imposed 180 days plus 84 days. The question for this Court is whether the trial court may do that without granting jail-time credit for the time between the arrest and the hearing." It is interesting to note that Coleman is not contending that the trial court erred in not giving

him credit for the 282 days against the 180-day jail sentence, which would result in a "time served" sentence.

## Standard of Review

{¶13} We review jail time credit under a clearly and convincingly contrary to law standard. *State v. White*, 2022-Ohio-2630, ¶ 12 (11th Dist.).

## Analysis

{¶14} The sentencing entries for Coleman's community control violations in both cases contain the following identical language:

> Both sides agree that the Defendant has -282- days of jail credit as of this date, August 15, 2024; however, this shall not be applied to the Defendant's One Hundred Eighty (180) day sentence.

{¶15} Coleman was advised of the potential imposition of a prison term if he violated his community control sentence. In the Case No. 368 judgment entry states: "the Court may impose a prison term of up to Twelve (12) months for the conviction of Count One (1) of the Indictment and Twelve (12) months for the conviction of Count Two of the Indictment." Similarly, the trial court advised Coleman in the Case No. 581 judgment entry that if he violated community control, "the Court may impose a prison term of up to Thirty-Six (36) months for the conviction of Count One (1) of the Indictment."

{¶16} Upon Coleman's violation, the trial court sentenced him to 180 days in jail on each case to run concurrently, further stating: "The Defendant is remanded to the custody of the Ashtabula County Sheriff. Upon completion of Defendant's jail sentence, the Defendant's supervision shall be terminated unsatisfactorily." Effectively, Coleman's 180-day sentence was a more restrictive sanction under his community control sentence, pursuant to R.C. 2929.16(A)(6).

Case Nos. 2024-A-0072, 2024-A-0073

**{¶17}** Coleman was initially sentenced to community control on March 3, 2023, then sentenced to serve a jail sanction as a result of his violation of community control on August 15, 2024. At that point, Coleman had served approximately 531 days of his community control sentence and accumulated 282 days in pretrial detention in jail and NEOCAP. Rather than imposing prison time, the trial court chose to sentence Coleman to six months in jail on the violation, followed by the termination of the remaining duration of his community control.

**{¶18}** These cases require us to carefully examine two statutes that create a tension for sentencing courts: R.C. 2949.08, which addresses jail time credit, and R.C. 2929.16, which addresses community control sanctions.

**{¶19}** R.C. 2949.08 provides in relevant part:

> The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.
>
> (C)(1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced . . ..
>
> (2) If the person is sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper shall not exceed the maximum prison term available for that offense. *Any term in a jail shall be reduced first pursuant to division (C)(1) of this section by the total number of days the person was confined prior to delivery to the jailer, administrator, or keeper.*

Case Nos. 2024-A-0072, 2024-A-0073

(Emphasis added.)

**{¶20}** R.C. 2949.08 requires that any jail sentence be reduced by the jail time credit the defendant has accrued according to the record as calculated by the sentencing court.

**{¶21}** Meanwhile, R.C. 2929.16(A) lists community residential sanctions available to the court:

> Community residential sanctions include, but are not limited to, the following:
>
> (2) Except as otherwise provided . . . a term of up to six months in jail.

R.C. 2929.16(A)(2). In other words, R.C 2929.16(A)(2) places a cap of six months on the amount of time that a defendant may be sentenced to jail as a sanction; specifically, as it relates to the instant case, for a violation of community control.

**{¶22}** At first glance, these statutes appear to conflict. R.C. 2949.08 requires jail time credit to be applied to sentences, while R.C. 2929.16 limits the duration of jail time as a community control sanction. However, a critical distinction exists between a jail "sentence" following conviction, and a jail "sanction" imposed for a community control violation. This distinction has been recognized by Ohio Courts.

**{¶23}** In *State v. Champlin*, 2015-Ohio-785, the Second District Court of Appeals addressed a similar issue, concluding:

> Champlin was sentenced to jail as a community control sanction, and not to commitment in lieu of supervision, thus R.C. 2949.08(C)(1) is also inapplicable to his sentence.

*State v. Champlin*, 2015-Ohio-785, ¶ 7 (2nd Dist.). The court further explained:

> Since Champlain was not sentenced to a jail term in lieu of supervision, and since his community control sanctions have

not been revoked, the trial court is not required to calculate jail time credit at this juncture. The trial court had the authority to make the 45 day term a sanction, irrespective of pretrial detention.

*Id.* at 9.

**{¶24}** The *Champlin* court clarified in a footnote:

The court's sentencing entry provides: "If you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of 170 DAYS LOCAL INCARCERATION." R.C. 2929.24(A)(1) provides that for a misdemeanor of the first degree, an offender may be sentenced to "not more than one hundred eighty days," and in the event of a revocation, Champlin could be sentenced to no more than the balance of a 180 day term. That is, Champlin would be entitled to credit for pretrial detention on this case and the 45 days of weekend sanctions.

**{¶25}** Applying this reasoning, service in jail as a community control sanction is not treated the same as a jail sentence, and the trial court is not required to award jail time credit pursuant to R.C. 2949.08 when imposing a community control sanction. This reconciliation of the statutes preserves the trial court's discretion to impose appropriate sanctions for community control violations.

**{¶26}** Consider the following illustrative scenario which shows how these statutes work together: A judge sentences a defendant to five years in prison. After the defendant has served three years, the judge grants judicial release and places the defendant on community control with the remaining two years of prison time reserved in the event of a violation. If the defendant later commits a minor violation of community control, the judge has multiple options: (1) revoke community control and impose the reserved prison term (which would be reduced by jail time credit), (2) continue community control with the same

Case Nos. 2024-A-0072, 2024-A-0073

conditions, (3) continue community control with more restrictive conditions, or (4) impose a more restrictive sanction, such as local jail time.

{¶27}  If the trial court chooses option (4) and imposes a six-month jail term as a more restrictive sanction, the defendant does not receive jail credit for his time in prison against this sanction. Instead, should the defendant violate again, and community control be revoked with the prison term reinstated, the trial court would impose the remaining two years of prison, which would then be reduced by the six-month jail service while on community control.

{¶28}  Upon Coleman's violation of community control, he had the potential to receive a prison sentence of up to 24 months on Case No. 368, and up to 36 months of prison on Case No. 581. Coleman had served 531 days on community control and had accumulated approximately 282 days of jail credit. Rather than revoking community control and imposing prison time, to which the 282 days would be credited, the trial court opted to impose a more restrictive sanction by ordering Coleman to serve 180 days in jail while documenting the 282 days of credit separately. This approach properly maintained the distinction between jail sanctions for community control violations and jail sentences for criminal convictions.

{¶29}  Both judgment entries arising from the community control violation in Case No. 368 and 581 include the following language:

> Both sides agree that Defendant has **-282- days** of jail credit
> as of this date, August 15, 2024; however, this shall not be
> applied to Defendant's One Hundred Eighty (180) day
> sentence.

(Emphasis in original.) This Court reads the above language as expressing the trial court's intent to preserve Coleman's accrued jail credit for potential future application if his

Case Nos. 2024-A-0072, 2024-A-0073

community control were to be revoked and a prison term imposed. This Court also notes that neither party disputes the 180-day jail imposition is a sanction.

{¶30} Disposing of Coleman's cases in this manner, terminating community control after Coleman's jail sanction was served, benefited Coleman. It ended his periods of community control, avoided Coleman going to prison, preempted Coleman being assigned a "prison number" with a likely adverse effect on any future sentences, and allowed him to serve his time locally in the Ashtabula County Jail.

{¶31} By properly distinguishing between jail sanctions for community control violations (governed by R.C. 2929.16) and jail sentences that require the application of jail time credit (governed by R.C. 2949.08), the trial court preserves judicial discretion in fashioning appropriate sanctions for community control violations within the confines of the statutes as they are written.

{¶32} Given the circumstances of these cases and the proper interpretation of the applicable statutes, the trial court's resolution was reasonable and not clearly and convincingly contrary to law.

{¶33} Accordingly, the sentences of the Ashtabula County Court of Common Pleas are affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH
concurs

JUDGE EUGENE A. LUCCI
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-A-0072, 2024-A-0073